## In re Anonymous No. 56 D.B. 78

Disciplinary Board Docket no. 56 D.B. 78.

McDONNELL, *Board Member*, September 14, 1979—Pursuant to Rule 208(d)(iii) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

### I. HISTORY OF PROCEEDINGS

On September 15, 1978, [  ], respondent herein, entered a plea of guilty in the United States District Court for the Eastern District of Pennsylvania for the offense of one count of violation of the Act of August 16, 1954, 68A Stat. 851, 26 U.S.C.A. §7201—Evasion of Income Tax. The matter was referred to the Disciplinary Board on October 27, 1978, by the Supreme Court, pursuant to Rule 214(c) of the Pennsylvania Rules of Disciplinary Enforcement.

On November 27, 1978, a petition for discipline was filed alleging violations of:

1. D.R. 1-102(A)(3) A lawyer shall not engage in illegal conduct involving moral turpitude;

2.  D.R. 1-102(A)(4) A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

3.  D.R. 1-102(A)(5) A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

4.  D.R. 1-102(A)(6) A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law.

On December 20, 1978, respondent filed an answer to the said petition. On December 21, 1978, the matter was referred to hearing committee [   ]. A hearing was held on February 23, 1979, and it was the finding of the committee that respondent had violated Disciplinary Rules 1-102(A)(3), (4), (5) and (6), and it was their recommendation that he be suspended from the practice of law for a period of four months. No exceptions to the report of the hearing committee were filed by either petitioner or respondent.

## II.  DISCUSSION

Respondent resides in [   ], Pennsylvania, is 60 years of age, married and the father of two adopted children. He is a graduate of the University of [   ] Law School, and has been practicing law since his discharge from the armed forces in January of 1946. He has never been convicted of a crime before, nor has there been any other disciplinary violations found against him.

In the calendar year of 1973, respondent reported a gross income of $21,937.70 when, in fact, it should have been $49,484.41. It was for that reason that he was convicted of income tax evasion. His explanation for the violation was that he had re-

ceived some estate fees during the year of 1973, but the estates were not closed until later years, and he did not think he had to report the fees until the estates were closed.

As a result of the conviction, he was put on probation for a period of five years and fined in the amount of $5,000, with the instruction that he cooperate fully with the government officials in computing any taxes, penalties and interest that might be due and owing. It has been the board's position in the past that someone convicted of the felony of evading income taxes should be suspended from the practice of law. See In re [Anonymous] 23 D.B. 73; In re [Anonymous] 42 D.B. 74; and In re: [Anonymous] 49 D.B. 77. The hearing committee in this case recommended a suspension of four months, after taking into consideration the fact that this respondent is 60 years old and has had an unblemished career up to this point.

The board, however, believes that a three-month suspension would be more appropriate in this case for the reason that any suspension of a lawyer for more than three months requires that he file a petition for reinstatement and demonstrate by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice in this Commonwealth. On the other hand, a lawyer suspended for three months or less is automatically reinstated at the expiration of the suspension term, all of which is provided for under Rule 218 of the Pennsylvania Rules of Disciplinary Enforcement. It was the board's feeling that the hearing committee was unmindful of this difference since it went into great detail to point out that respondent had, for more than 30 years, successfully practiced law in this

Commonwealth without any kind of infraction. Therefore, a suspension of three months appears fair and just.

## RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent, [   ], be suspended from the practice of law for the period of three months.

## ORDER

EAGEN, *C.J.*, And now, October 18, 1979, the recommendation of the Disciplinary Board of the Supreme Court dated September 14, 1979, is rejected; and it is ordered, that [Respondent] of [   ] County, be, and he is forthwith suspended from the practice of law in this court and all the courts under its supervisory jurisdiction for a period of four months and until further order of this court.

Mr. Justice Nix and Mr. Justice Manderino would accept the recommendation of the Disciplinary Board that the suspension be limited to three months.